***Luftman Properties, LLC v. The Travelers Indemnity Company of America***

**INDEX OF EXHIBIT A TO NOTICE OF REMOVAL**

| Description |
|---|
| Summons |
| Complaint for Damages |
| Certificate of Compulsory Arbitration |

# EXHIBIT A

STATE OF ARIZONA
DEPT. OF INSURANCE

DEC 04 2009

TIME 1:25 pm

SERVICE OF PROCESS

1  David S. Shughart, State Bar #015299
   DAVID S. SHUGHART, P.C.
2  3500 N. Central Ave., Ste. 1750
   Phoenix, Arizona 85012
3  Telephone:  (602) 957-0516
   Facsimile:  (602) 975-9857
4
   Attorneys for Plaintiff,
5  LUFTMAN PROPERTIES, LLC

6
                SUPERIOR COURT OF THE STATE OF ARIZONA
7
                          COUNTY OF MARICOPA
8
   LUFTMAN PROPERTIES, LLC, an      )  CASE NO.: CV2009-025595
9  Arizona limited liability company, )
                                     )
10          Plaintiff,               )     CV2009-025595
                                     )
11  vs.                              )
                                     )        SUMMONS
12  THE TRAVELERS INDEMNITY          )
    COMPANY OF AMERICA, a foreign    )
13  corporation; and DOES 1 through 50, )
    inclusive,                       )    IF YOU WANT THE ADVICE OF A
14                                   )    LAWYER, YOU MAY WISH TO CONTACT
            Defendants.              )    THE LAWYER REFERRAL SERVICE AT
15                                   )    602-257-4434 OR ON-LINE AT
                                     )    WWW.LAWYERFINDERS.ORG. LRS IS
16                                   )    SPONSORED BY THE MARICOPA
                                          COUNTY BAR ASSOCIATION

17  THE STATE OF ARIZONA TO: The Travelers Indemnity Company of America

18      **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the
    time applicable, in this action, in this Court. If served within Arizona, you shall appear and
19  defend within 20 days after the service of this Summons and Complaint upon you, exclusive of
    the day of service. If served outside of the State of Arizona - whether by direct service,
20  registered or certified mail, or by publication - you shall appear and defend within 30 days after
    the service of the Summons and Complaint upon you is complete, exclusive of the day of
21  service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney
    to receive service of legal process against it in this state, the insurer shall not be required to
22  appear, answer or plead until the expiration of 40 days after date of such service upon the
    Director. Service by registered or certified mail without the State of Arizona is complete 30
23  days after the date of filing the receipt and affidavit of service with the Court. Service by
    publication is complete 30 days after the date of first publication. Direct service is complete
24  when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after
    filing the affidavit of compliance and return receipt or Officer's return. RCP 4; A.R.S. §§ 20-
25  222, 28-502, 28-503.

26      **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend
    within the time applicable, judgment by default may be rendered against you for the relief
27  demanded in the Complaint.

28      **Requests for reasonable accommodation for persons with disabilities must be made**

1  to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

2  **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or response upon the plaintiff's attorney. **RCP 5, 10(d); A.R.S. § 12-311.**

The name and address of plaintiff's attorney is: David Shughart of David S. Shughart, P.C., 3550 N. Central Ave., Suite 1750, Phoenix, AZ 85012 (602) 494-3800.

SIGNED AND SEALED THIS DATE: **COPY**

MICHAEL JAMES, CLERK OF COURT

By_____  AUG 07 2009
Deputy Clerk

MICHAEL K. JEANES, CLERK
A. ASHER
DEPUTY CLERK

- 2 -

1  David S. Shughart, State Bar #015299
   DAVID S. SHUGHART, P.C.
2  3500 n. Central Ave., Ste. 1750
   Phoenix, Arizona 85012
3  Telephone:  (602) 957-0516
   Facsimile:  (602) 975-9857
4
   Attorneys for Plaintiff,
5  LUFTMAN PROPERTIES, LLC

COPY

AUG 07 2009

MICHAEL K. JEANES, CLERK
A. ASHER
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| LUFTMAN PROPERTIES, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>CV2009-025595<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Tort: Insurance Bad Faith)<br><br>**(Jury Trial Requested)** |

Plaintiff Luftman Properties, LLC, by and through its counsel undersigned, for its complaint against the defendants alleges as follows:

### Allegations Common to All Counts

1. Plaintiff Luftman Properties, LLC (hereafter, "Luftman Properties") is, and at all times relevant to this action was, an Arizona limited liability company.

2. Defendant The Travelers Indemnity Company of America (hereafter, "TICA") is, and at all times relevant to this action was, a corporation authorized to do and doing business in Arizona.

Complaint For Damages And
Demand For Jury Trial

3. The true names, identities and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 50 are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Upon ascertaining the true and correct names, titles, capacities and/or identities of the defendants designated herein as a Doe, Plaintiff will amend this Complaint accordingly.

4. Plaintiff is informed and believes, and thereon alleges, that all of the defendants herein, however designated, whether by real or fictitious name, were and are in some manner responsible for the events, happenings, occurrences and instrumentalities upon and about which complaint is hereinafter made.

5. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein, whether designated by real or fictitious names, are, and at all times relevant hereto, were, the agent, servant, employee and hireling of each of the co-defendants and in doing the things and acts herein alleged and complained of or in failing to do that which they should have done, were acting within the course and scope of such employment, agency and hiring with the full knowledge, consent, approval and ratification of each of the other co-defendants.

6. Jurisdiction and venue are appropriate in this Court. Plaintiff demands a jury trial.

7. Plaintiff owns the commercial property commonly known as 1820 West Thunderbird Road, Phoenix, Arizona, 85023 (hereafter, the "Property"). The Property houses a dental practice as well as other small businesses.

8. TICA issued an insurance policy bearing policy number I-680-8438A964-TIA-08 (hereafter, the "TICA Policy"), which names Plaintiff as a named insured and states a policy period of August 15, 2007 through August 15, 2008.

9. The TICA Policy obligates TICA to pay for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss."

10. At all times relevant to this action, Plaintiff has timely paid the premiums due under the TICA Policy.

11. During the evening of August 7, 2008, a powerful monsoon struck in and around

the City of Phoenix, Arizona, bringing with it an electrical storm, thunder, lightening, heavy rains and strong winds. The storm knocked down power poles, uprooted trees, caused brush fires and left thousands of residents without electricity.

12. As an actual, direct and proximate result of the storm, the electrical service equipment for the Property was severely damaged. More specifically, the electrical service equipment was damaged by a lightning-induced power surge and/or by an artificially generated electrical current caused by lightning.

13. On August 11, 2008, Plaintiff provided timely notice to TICA of the damage to the electrical service equipment at the Property.

14. TICA should have provided coverage to Plaintiff for said damages.

15. TICA conducted a cursory and inadequate investigation of the damage to Plaintiff's electrical service equipment, which included a single site inspection on August 28, 2008. Less than one week later, TICA denied coverage for Plaintiff's loss on the basis of various exclusions in the TICA Policy that are not applicable.

16. Because of TICA's failure to honor its obligations pursuant to the TICA Policy, Luftman, who runs a busy dental practice at the Property, was forced to incur significant time and expense in undertaking repairs to the electrical system and responding to numerous complaints from tenants at the Property regarding the outage. Plaintiff had no choice but to come out of pocket to respond to the property damage caused by the lightning induced surge and/or the artificially generated electrical current caused by lightning.

17. Plaintiff was forced to hire an electrical engineer and to replace the electrical system at the Property at a total cost to Plaintiff of approximately $41,200. Plaintiff also was forced to rent a generator to temporarily provide power at the Property at a total cost of approximately $40,000. Plaintiff incurred approximately $3,500 in electricity bills to power the generator, and Plaintiff's utility company forced Plaintiff to cut back some trees at the Property to allow for a new connection to the building at a cost of $300.

Complaint For Damages And
Demand For Jury Trial

### Count One: Breach of Contract

18. Plaintiff realleges and hereby incorporates by this reference the allegations set forth in Paragraphs 1 through 17, as though fully set at this point.

19. TICA issued the TICA Policy to Plaintiff, which provided property coverage for the Property during the period August 15, 2007 through August 15, 2008. The coverage afforded under the TICA Policy included coverage for the electrical services equipment at the Property.

20. Plaintiff has performed all conditions, covenants, and promises required of it to be performed in accordance with the terms and conditions of the TICA Policy.

21. TICA was not excused from performing any of the conditions, covenants, and promises required of it to be performed in accordance with the terms and conditions of the TICA Policy. TICA's performance was not prevented by any law or ordinance, nor was the TICA Policy illegal, impractical, impossible or based upon any mistake.

22. On August 7, 2008, Plaintiff suffered "direct physical loss or damage" to the electrical service equipment at the Property.

23. The damage to the Property is covered under the express language of the TICA Policy and TICA should have provided coverage for such damage.

24. TICA breached the TICA Policy by: (i) conducting in inadequate investigation of Plaintiff's loss; and (ii) placing its interests above the interests of Plaintiff; (iii) and denying coverage for the expenses Plaintiff incurred to replace the electrical service equipment and to provide temporary electricity at the Property during the repairs.

25. As a direct, legal and proximate result of TICA's breach of the TICA Policy, Plaintiff has sustained significant monetary damages, including, without limitation, the costs of replacing the equipment, the costs of renting a generator and the costs of powering the generator.

### Count Two: Insurance Bad Faith

26. Plaintiff realleges and hereby incorporates by this reference the allegations set forth in Paragraphs 1 through 25 as though fully set forth at this point.

27. TICA breached its duty to comply with the implied covenant of good faith and fair

dealing through the following: (i) denying payment of benefits owed to Plaintiff under the TICA Policy based on a cursory and one-side investigation of Plaintiff's loss; (ii) placing its own interests above the interests of its insured; and (iii) manipulating the handling of Plaintiff's claims so as to further its own interests to the detriment of Plaintiff's interests.

28. TICA's aforementioned bad faith directly and proximately caused Plaintiff's damages including, but not limited to, unpaid benefits of the TICA Policy and attorney's fees and costs.

29. TICA acted with malice, the intent to cause injury and in an effort to serve its own interests, while having reason to know and consciously disregarding a substantial risk that its conduct would significantly injure Plaintiff.

### Prayer for Relief

WHEREFORE, Plaintiff Luftman Properties, LLC requests judgment against all defendants, collectively and individually, as follows:

A. For all unpaid benefits of the TICA Policy, past, present and future compensatory and consequential damages arising out of the breach of the TICA Policy and for violation of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

B. For punitive damages in an amount to be determined by the jury sufficient to punish and deter TICA and other insurers similarly situated from engaging in similar conduct in the future;

C. For Plaintiff's costs and expenses incurred herein;

D. For Plaintiff's attorney's fees pursuant to the TICA Policy and A.R.S. 12-341.01; and

\ \ \

\ \ \

\ \ \

- 5 -

Complaint For Damages And
Demand For Jury Trial

1  E.   For such other and further relief as the Court deems just and proper.
2  DATED this 7TH day of August, 2009.

    DAVID S. SHUGHART, P.C.

    By: /s/ David S. Shughart
    David S. Shughart
    Attorneys for Plaintiff

| | |
|---|---|
| 1 | David S. Shughart, State Bar #015299 |
| | DAVID S. SHUGHART, P.C. |
| 2 | 3500 N. Central Ave., Ste. 1750 |
| | Phoenix, Arizona 85012 |
| 3 | Telephone:   (602) 957-0516 |
| | Facsimile:    (602) 975-9857 |
| 4 | |
| | Attorneys for Plaintiff, |
| 5 | LUFTMAN PROPERTIES, LLC |

COPY

AUG 0 7 2009

MICHAEL K. JEANES, CLERK
A. ASHER
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| LUFTMAN PROPERTIES, LLC, an Arizona limited liability company, | CASE NO.: CV2009-025595 |
| Plaintiff, | |
| vs. | CERTIFICATE ON COMPULSORY ARBITRATION |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign corporation; and DOES 1 through 50, inclusive, | (Tort: Insurance Bad Faith) |
| | (Jury Trial Requested) |
| Defendants. | |

The undersigned certifies that the largest award sought by the complaint, including punitive damages, but excluding interest, attorneys' fees, and costs does exceed the limits set by Local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

DATED this _7_ day of August, 2009.

DAVID S. SHUGHART, P.C.

By: _____
David S. Shughart
Attorneys for Plaintiffs